IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DAVID EUGENE MUNDAY,

      Petitioner,

v.                                Civil Action No. 5:12CV135
                                           (STAMP)
DAVID BALLARD, Warden,

      Respondent.

**MEMORANDUM OPINION AND ORDER
ADOPTING AND AFFIRMING THE REPORT
AND RECOMMENDATION OF MAGISTRATE JUDGE**

I. <u>Background</u>

The petitioner, David Eugene Munday ("Munday" or "petitioner"), was convicted in Berkeley County, West Virginia, following a jury trial, of three counts of burglary, five counts of wanton endangerment, one count of unlawful assault on a police officer, four counts of attempted murder in the second degree, two counts of brandishing a firearm, one count of assault, and one count of fleeing from police. The factual circumstances surrounding Munday's arrest and conviction are outlined in depth by the magistrate judge in his report and recommendation, and will not be restated herein. <u>See</u> ECF No. 38 *1-*7. Following Munday's conviction, a second trial was held to determine whether the West Virginia three strikes rule applied, thus exposing Munday to a possible life sentence. The second trial determined that the three strikes rule did apply to Munday, based upon two previous Maryland state convictions that were found to be eligible convictions under West Virginia's recidivist statute. As a result, Munday was

sentenced to seven to fifty-seven years of incarceration, to be followed by a consecutive sentence of fifteen years to life in prison. The consecutive fifteen years to life sentence was a result of the recidivist enhancement.

Following sentencing, the petitioner made a direct appeal to the West Virginia Supreme Court of Appeals, which was refused. He then filed a state petition for a writ of habeas corpus, which was ultimately denied in its entirety following additional briefing on the issue of the application of the recidivist statute. The petitioner timely filed the current petition under 28 U.S.C. § 2254 following this denial of his state petition. Munday asserts twenty grounds for relief in his current petition for habeas corpus relief. The respondent has filed a motion for summary judgment, requesting that this Court dismiss Munday's petition.

Pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Local Rule of Prisoner Litigation Procedure 83.09, et seq., this case was referred to United States Magistrate Judge David J. Joel for an initial review and for a report and recommendation on disposition of this matter. Magistrate Judge Joel issued a report and recommendation wherein he addressed each of the petitioner's allegations in a numerical fashion. The report recommends that the respondent's motion for summary judgment be granted, and that the petitioner's § 2254 petition be denied and dismissed with prejudice. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections

to his proposed findings and recommendations within fourteen days after being served with a copy of the magistrate judge's recommendation. The petitioner filed timely objections which raised objections to the magistrate judge's findings as to five of his twenty charges of error.

## II. <u>Applicable Law</u>

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Because objections have been filed in this case, this Court will undertake a <u>de novo</u> review as to the five charges of error regarding which the petitioner has objected, and will review for clear error the magistrate judge's findings as to the remaining claims.

## III. <u>Discussion</u>

As noted above, the magistrate judge addressed the petitioner's twenty grounds for relief numerically and individually, despite their somewhat overlapping nature. Accordingly, this Court will address the allegations similarly, but will first address together the magistrate judge's findings to which the petitioner has not objected, and then move to a <u>de novo</u>

review of the magistrate judge's findings to which the petitioner has objected.

It is initially important to note that federal habeas relief for a person in state custody, pursuant to § 2254, may only be granted when a reviewing federal court concludes that the state court's adjudication of the claim "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). A state court action is "contrary to . . . clearly established Federal law, as determined by the Supreme Court," id., "if the state court arrives at a conclusion opposite to that reached by the Court on a question of law or if the state court decides a case differently than the Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 405 (2000). In order for a state court decision to "involve[] an unreasonable application of [] clearly established Federal law . . ." 28 U.S.C. § 2254(d)(1), that decision must be found to have "identifie[d] the correct governing legal principle from the [Supreme] Court's decisions but unreasonably applie[d] that principle to the facts of the prisoner's case." Williams, 529 U.S. at 412. A simple finding by a federal court that the state court erroneously interpreted or applied federal law is insufficient to warrant a § 2254 relief. Rather, in addition to finding that the state court was incorrect, a federal court must also determine that

the state court's interpretation or application of federal law was "unreasonable." Id. at 411.

The magistrate judge found that the following assertions of error, numbered below as they are in the report and recommendation, failed to present an instance of state court action which unreasonably applied or interpreted federal law:

1. <u>Bill of particulars</u>: The state habeas court found that the allegations in the indictment coupled with discovery, afforded the petitioner sufficient opportunity to understand the charges against him;[1]

2. <u>Sufficiency of the indictment</u>: The state habeas court found that the indictment was sufficient because the incidents in question were sufficiently laid out so that there was no confusion as to what crimes were being charged, and no future possibility of issues that related to double jeopardy;

5. <u>Attempted murder counts</u>: The state habeas court determined that the indictment was entirely sufficient, including the allegations of attempted murder;

8. <u>Statements made by petitioner to police</u>: The state habeas court found that the statements made by petitioner at the scene of the incident, during the trip to the hospital, and at the regional jail in the days following the incident, were properly admitted at trial;

---

[1]The magistrate judge also noted that there is no constitutional right to a bill of particulars. <u>Powell v. Kelly</u>, 562 F.3d 656 (4th Cir. 2009), <u>cert. denied</u>, 130 S. Ct. 1281 (2010).

11.  <u>Prosecutor's statements at closing</u>:  The state habeas court found that the prosecutor's comments regarding her connection to the case did not amount to manifest injustice;

17.  <u>Ineffective assistance of counsel</u>:  The state habeas court concluded that the petitioner's allegations of ineffective assistance of counsel failed to assert any instances of unreasonable action on the part of counsel;

18.  <u>Jury selection</u>:  The state habeas court found that the trial court and lawyers made full inquiry into all of the questioned jurors, and that the inquiry led the court to believe that all jurors could be impartial.  The state habeas court also found that the petitioner failed to show prejudice regarding the jurors selected;

19.  <u>False and unreliable testimony</u>:  The state habeas court concluded that it was the jury's job to assess credibility, and that no evidence existed to suggest that the state intentionally elicited false testimony; and

20.  <u>Change of venue</u>:  The state habeas court determined that the trial court's refusal to grant the petitioner's motion for a change of venue was not clearly wrong and did not result in the seating of biased jurors.

After a full review, this Court does not find clear error in the determination that the state habeas court did not unreasonably apply or construe federal law in its determinations regarding any

of the above assertions of error. Accordingly, this Court will affirm the magistrate judge as to these claims.

The magistrate judge also found that allegations 3 and 17 must be dismissed as improperly raised within a § 2254 petition. Claim 3 alleges that Count 28 of the indictment, brandishing, should have been dismissed as a lesser included offense to wanton endangerment under West Virginia law. Claim 14 asserts that the trial court should have granted a mistrial as a result of prejudicial statements made by state witnesses. As to these claims, Magistrate Judge Joel correctly noted that, in order to allow a federal court to grant § 2254 relief, the petitioner must allege violations of the federal law, and claims of state law violations are not redressible through federal collateral attack. See Wilson v. Corcoran, 131 S. Ct. 13, 16 (2010). The magistrate judge found that both of these claims assert violations of state law alone, and thus cannot be addressed through a § 2254 petition. After review for clear error, this Court agrees, and will dismiss these allegations as improper.

The remaining claims regarding which the petitioner does not challenge the magistrate judge's recommendations, all deal with sufficiency of the evidence. Claim 4 asserts that Count 25 of the indictment, an allegation of assault, should not have been submitted to the jury because it was insufficiently defined and supported at trial. Claim 13 states that the evidence against Munday was insufficient because none of the witnesses at trial

identified him as the perpetrator of the crimes alleged. Finally, Claims 10 and 16 raise general assertions that insufficient evidence was presented at trial to allow for his conviction. The magistrate judge fully reviewed the evidence generally, as well as specifically related to Count 25 of the indictment, and to witness identification of the petitioner and found them to be constitutionally sufficient. See Jackson v. Virginia, 443 U.S. 307, 319 (1979) (In order to prove insufficiency of the evidence, the petitioner must show that no reasonable trier of fact could have found proof of guilt beyond a reasonable doubt.). This Court finds no clear error in these finding by the magistrate judge.

The five remaining claims regarding which the petitioner has challenged the magistrate judge's findings are Claim 6: that the petitioner was convicted of four counts of attempted murder when he was only alleged to have fired a single bullet; Claim 7: the petitioner's assertion that his convictions for wanton endangerment precluded convictions for attempted murder, and when he was convicted of both crimes for a single act, he was subject to double jeopardy; Claims 9 and 12: the state court's determination that two Maryland convictions, which the petitioner contends were misdemeanors in Maryland, constituted qualifying convictions which could result in a life sentence, and the constitutionality of that life sentence; and Claim 15: that the collective impact of multiple errors by the state court results in constitutional violations. This Court will address each of these claims in turn.

The magistrate judge found that the petitioner's assertions under Claim 6, that it is impossible under West Virginia law to be convicted of four counts of attempted murder based upon a single bullet, could not be addressed in the context of § 2254. As noted above, the petitioner must allege a violation of federal law in order to state a claim for federal habeas relief. <u>Wilson</u>, 131 S. Ct. at 16 (2010). In objection to this conclusion, the petitioner asserts that he "could not have had the 'willful, intentional, deliberate and premeditated' intent to kill four individuals when, allegedly, he only fired one shot.'" The petitioner claims that his conviction on three of these four counts of attempted murder thus constitutes double jeopardy. To the extent that the petitioner's assertions in this claim do continue to assert that West Virginia law does not allow for his conviction on multiple counts of attempted murder in this situation, this Court concurs with the magistrate judge that the claim cannot be entertained in the context of a § 2254 petition.

However, to the extent that this claim asserts double jeopardy based upon the multiple counts, as the petitioner claims in his objections, this Court finds that the petitioner was not subject to double jeopardy in this context. The Fifth Amendment requires that no defendant may be punished multiple times for the same offense. <u>Brown v. Ohio</u>, 432 U.S. 161, 165 (1977). This Court reads the petitioner's objections as arguing that conviction of multiple counts of attempted murder based upon a single act qualifies as

multiple punishments for the same offense.  However, this argument misconstrues the standard set forth in <u>Brown</u>.  As noted by the magistrate judge in his report, the determination of whether multiple punishments are for the same offense requires a consideration of "whether each of the [] offenses requires proof of a different element."  <u>Monokey v. Waters</u>, 390 F.3d 767, 772 (4th Cir. 2004).  If some amount of different proof was required for each offense, then the petitioner can constitutionally be convicted of both offenses for the same act.  <u>Id.</u>  In the instance of multiple counts of attempted murder for a single act of firing a gun, the state was required to bring forth separate proof as to the intent element of the crime for each count.  As to each of the four counts, the state needed to prove that the petitioner had intended to murder a different person named in the indictment.  Accordingly, the petitioner's conviction of four counts of attempted murder from the firing of a single bullet does not constitute double jeopardy.

As to Claim 7, that the petitioner's convictions of both wanton endangerment and attempted murder violated double jeopardy, the magistrate judge thoroughly considered the elements of the two crimes under West Virginia law, and determined that the statutes, on their faces, required proof of different elements.  Magistrate Judge Joel reasoned that wanton endangerment required proof of an act committed with a firearm which creates substantial risk of death or serious bodily injury, and that such proof was not required for the crime of attempted murder.  W. Va. Code § 61-7-12.

He also found that the attempted murder statute required an intent showing of "lying in wait, deliberate and premeditated killing," and such a showing is not required for wanton endangerment. W. Va. Code § 61-2-1. The petitioner objects to this finding generally, asserting that "[c]learly, neither the relevant charges relating to Petitioner's case 'required proof of a fact that the other did not.'" ECF No. 40 *5-*6. As explained by the magistrate judge, and outlined above, the petitioner's assertions are clearly without merit. Further, to the extent that the petitioner argues in objection that wanton endangerment "should have" been a lesser included offense of attempted murder, this Court cannot pass on that argument in this context, as it raises an argument of state law alone.

Next, the petitioner objects to the magistrate judge's findings that the state court did not err in concluding that the Maryland state convictions, even if classified as misdemeanors by the State of Maryland, constituted qualifying convictions under the West Virginia recidivism statute. In explaining this recommendation, the magistrate judge outlined the state habeas court's reasoning behind its conclusion that the Maryland convictions qualified to allow this defendant to face a recidivist life sentence. Essentially, following extended briefing, the state habeas court found that, even if Maryland categorized Munday's previous convictions as misdemeanors within the State of Maryland, the inquiry into whether these convictions could qualify as "prior

convictions" under the West Virginia recidivist statute required an in depth inquiry into the underlying facts of the conviction to determine how the crime would have been prosecuted in West Virginia. After engaging in such an inquiry, the state habeas court concluded that, had Munday been prosecuted in West Virginia for the crimes of which he was convicted in Maryland, there would have been confinement in the penitentiary and, thus, the crimes qualified and properly exposed Munday to a recidivist life sentence.

Based upon this finding, which was based wholly upon West Virginia law, the magistrate judge correctly concluded that this Court could not review the state habeas court's findings as to the qualification of Munday's Maryland convictions as "prior convictions" under the statute, because no federal law had been implicated. The magistrate judge correctly noted that no federal law prohibits states from handing down harsher punishments for crimes than those that are handed down by other states, and this includes the punishment of recidivist criminals. See Ewing v. California, 538 U.S. 11 (2003). As such, Magistrate Judge Joel reasoned, the mere fact that the West Virginia recidivist statute resulted in a potential life sentence for this defendant when another state's statute would not have yielded the same result, does not constitute a violation of Munday's Fourteenth Amendment rights to equal protection or Munday's Eighth Amendment rights against cruel and unusual punishment. Also with regard to Munday's

Eighth Amendment claim, the magistrate judge also analyzed the petitioner's potential life sentence under the "gross disproportionality principle" delineated by the Supreme Court in Lockyer v. Andrade, 538 U.S. 63, 72 (2003). Under this principle, the court must consider whether the defendant's sentence was grossly disproportionate to his crimes and if the court finds that it was, the sentence is determined to have violated the Eighth Amendment. Id. After review of the facts of the petitioner's case, the magistrate judge concluded that a life sentence was not grossly disproportionate to the crimes of which Munday was convicted in this instance.

In objection, Munday again reiterates his arguments that the Maryland convictions should not have qualified under the West Virginia recidivist statute. The petitioner also argues that, even if the West Virginia recidivist statute generally does not violate his equal protection rights under the Fourteenth Amendment, its application in this instance does violate his rights. Munday does not raise particularized arguments to the magistrate judge's findings as to his claim that his life sentence constitutes cruel and unusual punishment under the Eighth Amendment.

After de novo review, Munday's objections to the magistrate judge's recommendations as to these claims are also overruled. As noted by the magistrate judge and explained above, the petitioner's arguments regarding the proper application of the West Virginia recidivism statute are not redressible through a § 2254 petition.

<u>Wilson</u>, 131 S. Ct. at 16.  Additionally, while the petitioner argues that his recidivist sentence was applied to him in a discriminatory manner, he fails to set forth any factual allegations of discrimination based upon his membership in any protected class aside from petitioner's assertion that he is in a class of people who have been "charged with 'shooting a police officer.'"  ECF No. 40 *4.  Such a class of individuals is not a "suspect class" under the Fourteenth or Fifth Amendment, despite Munday's declaration of the same, meaning that any classification of the petitioner on this basis for the purpose of sentencing would need to survive only a rational basis inquiry.[2]  <u>Morrison v. Garraghty</u>, 239 F.3d 648, 654 (4th Cir. 2001).

However, this Court need not even consider this issue, because Munday has failed to set forth any factual support for his claim that the recidivist statute would not have been applied to others similarly situated to the petitioner, nor has he presented a factual basis to conclude that any possible differing treatment was based upon discrimination.  <u>Morrison</u>, 239 F.3d at 653-54 ("Once a showing [of unequal treatment and that the unequal treatment was based upon intentional or purposeful discrimination] is made, the court proceeds to determine whether the disparity in treatment can be justified under the requisite level of scrutiny.").

_____

[2]While no decision on the matter is made here, this Court has no doubt that such a classification would be rationally related to a legitimate state interest.  <u>See</u> <u>City of Cleburne v. Cleburne Living Ctr., Inc.</u>, 473 U.S. 432, 440 (1985).

Accordingly, this Court finds these objections to be without merit, and will affirm the magistrate judge as to his findings regarding the petitioner's equal protection claim. Finally, as noted above, Munday raises a general objection to the magistrate judge's findings regarding his Eighth Amendment claim concerning his possible life sentence. After _de novo_ review, this Court agrees with the magistrate judge and finds that, in this circumstance, the petitioner's sentence does not violate the Eighth Amendment.

The petitioner's final objection is to the magistrate judge's finding that the cumulative impact of the trial court's errors did not deprive Munday of his right to a fair and impartial trial. The magistrate judge based this conclusion upon his findings that Munday had failed to present any errors committed by the trial court, and thus could not succeed in showing that the cumulative impact of any such errors deprived him of his right to a fair trial. In the petitioner's objections, he reiterates his assertions of error previously rejected by this Court above. As such, this Court will, for the reasons asserted by the magistrate judge, overrule the petitioner's objections to the magistrate judge's findings as to Claim 15: Cumulative Error and affirm the magistrate judge's recommendation to dismiss this claim as well.

## IV. <u>Conclusion</u>

As a result of the foregoing, the report and recommendation of the magistrate judge (ECF No. 38) is AFFIRMED and ADOPTED in its entirety. The petitioner's objections are OVERRULED. The

respondent's motion for summary judgment (ECF No. 29) is GRANTED. Accordingly, Munday's petition filed pursuant to 28 U.S.C. § 2254 is DENIED. It is also further ORDERED this civil action be DISMISSED WITH PREJUDICE and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date of the entry of this judgment order.

This Court finds that it is inappropriate to issue a certificate of appealability in this matter. Specifically, the Court finds that the petitioner has not made a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). Upon review of the record, this Court finds that the petitioner has not made the requisite showing. Accordingly, the petitioner is DENIED a certificate of appealability.

The petitioner may, however, request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: August 2, 2013

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE